**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERRENCE BANKS,

        Petitioner,

v.                                CASE NO. 2:14-CV-13566
                                HONORABLE LAURIE J. MICHELSON
                                UNITED STATES DISTRICT COURT

KENNETH MCKEE,

        Respondent.
_____/

**ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR THE APPOINTMENT OF APPELLATE COUNSEL [Dkt. # 23] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On July 15, 2017, the Court denied Petitioner's application for a writ of habeas corpus, denied him a certificate of appealability, but granted him leave to appeal in *forma pauperis*. [Dkt. # 19].

On August 1, 2017, Petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. [Dkt. # 21]. Petitioner also filed a motion for the appointment of appellate counsel. [Dkt. # 23]. For the reasons stated below, the Court orders the Clerk of the Court to transfer Petitioner's motion for the appointment of counsel to the United States Court of Appeals for the Sixth Circuit.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)(*per curiam*)); *see also Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Other courts have advised that Petitioner's notice of appeal divests this Court of

jurisdiction to consider his motion for the appointment of appellate counsel. *See Murray v. Artl,* 189 F.App'x 501, 504 (7th Cir. 2006); *Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). And because Petitioner's request is for the appointment of appellate counsel only, the motion would be more appropriately addressed to the Sixth Circuit. *See e.g. Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984).

A district court has the discretion, pursuant to 28 U.S.C. § 1631, to transfer a case or pleading that has been improperly filed in that court, in the interests of justice, to the proper court. *See Roman v. Ashcroft,* 340 F.3d 314, 328 (6th Cir. 2003). The Court orders the Clerk of the Court to transfer Petitioner's motion for the appointment of counsel [Dkt. # 23] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

        s/Laurie J. Michelson
        **HONORABLE LAURIE J. MICHELSON**
        **UNITED STATES DISTRICT JUDGE**

**Dated:** August 7, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 7, 2017.

        s/Keisha Jackson
        Case Manager